UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JULIE A. SU, Acting Secretary of Labor, United
States Department of Labor,

                      Plaintiff,                      **REPORT AND RECOMMENDATION**

           - against –                                  23-CV-4670 (MKB) (ST)

ENNIA Q RESTAURANT INC. d/b/a LUIGI Q
ITALIAN RESTAURANT and LUIGI
QUARTA, individually,
                      Defendants.

-------------------------------------------------------------X

       Before this Court is a motion to approve a consent judgment by Julie A. Su, acting Secretary of Labor of the United States Department of Labor (the "Plaintiff"). Ennia Q Restaurant, which does business as Luigi Q Italian Restaurant, and its individual owner, Luigi Quarta (collectively "Defendants"), have signed and agreed to the proposed judgment. *See* Proposed J. at 11, ECF No. 4-1. Chief Judge Margo K. Brodie referred the motion to me for this report and recommendation. For the reasons detailed below, I recommend that the motion be GRANTED as modified below.

## BACKGROUND[1]

       Defendant Ennia Q Restaurant is a business organized under the laws of New York doing business as Luigi Q Italian Restaurant with a principal place of business at 400B South Oyster Bay Road in Hicksville, NY. Compl. at ¶ 4, ECF No. 1. Defendant Luigi Quarta is the restaurant's individual owner. *Id* at ¶ 5. Plaintiff is the Acting Secretary of Labor for the United States

---

[1] The factual background of this case is taken from Plaintiff's complaint, ECF No. 1. Defendants, in signing the proposed consent judgment, have waived any answer or defense to the complaint and consent to the judgment entered on the facts as listed in the complaint. *See* Proposed J. at 11, ECF No. 4-1.

1

Department of Labor and is vested with the authority to file suit in order to enforce the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq* (the "FLSA"). *Id* at ¶ 3.

Defendants are covered employers under the FLSA and, more specifically, Defendant Quarta regulated the employment of all employees of the restaurant. *Id* at ¶¶ 11-12. In total, Defendants employed approximately 11 employees during the relevant time period. *Id* at ¶ 15. Defendants paid their hourly employees wages ranging from $8.65 to $9.35 per hour. *Id* at ¶ 16. Employees regularly worked up to 60 hours a week. However, Defendants failed to pay any wages whatsoever over 40 hours a week, let alone pay at the mandatory overtime rate required by the FLSA. *Id* at ¶¶ 17-18. Defendants also falsified their payroll records to show employees only worked 40 hours per week. *Id* at ¶ 19.

Defendants also paid some employees a flat weekly rate but did not include additional pay when these employees worked over 40 hours per week. *Id* at ¶¶ 20-22. Additionally, Defendants failed to keep records of the hours worked by these employees all together. *Id* at ¶ 23.

This is not Defendants' first encounter with the Department of Labor. In approximately 2008, Defendant Quarta was investigated and sued by the Department of Labor for minimum wage violations, overtime pay violations, and retaliation under the FLSA. *Id* at ¶ 28-29. In 2013, after a trial, Defendant Quarta was found to have violated the FLSA. *Id* at ¶ 30.

Plaintiff filed this action on June 22, 2023. *See* Compl., ECF No. 1. The parties reached a consent judgment, which was submitted to this court via a motion to approve on July 5, 2023. *See* ECF No. 4 (Plaintiff's motion to approve consent judgment). Chief Judge Margo Brodie then referred that motion to me for this report and recommendation.

**LEGAL STANDARD**

Due to a "strong federal policy favoring the approval and enforcement of consent decrees," *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285, 293 (2d Cir. 2014) (quoting *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991), the standard applied in motions to approve consent judgments is a deferential one. While the Court does not operate as a "rubber stamp," *SEC v. Levine*, 881 F.2d 1165, 1181 (2d Cir. 1989), the Court is bound to approve the judgment so long as it is "fair and reasonable." *Citigroup Global Markets, Inc.*, 752 F.3d at 294. Where, as is the case here, the consent judgment contains injunctive relief, the Court must be assured that the "public interest would not be disserved." *Id* (quoting *eBay, Inc. v. MercExchange*, 547 U.S. 388, 391 (2006).

The Second Circuit has laid out four factors to assist courts in determining whether a consent decree is fair and reasonable:

1. The basic legality of the decree.
2. Whether the terms of the decree, including its enforcement mechanism, are clear.
3. Whether the consent decree reflects a resolution of the actual claims in the complaint.
4. Whether the consent decree is tainted by improper collusion or corruption of some kind.

    *Id* (collecting cases) (citations omitted).

**DISCUSSION**

Reviewing the four factors in this case, it is clear that the consent judgment is fair and reasonable with one modification to be recommended by this Court. The decree orders Defendants to pay both liquidated damages and interest to the Secretary. Proposed J. at 4, ECF No. 4-1. It is not entirely clear from the consent decree whether the interest ordered is prejudgment interest, but Plaintiff makes clear in the Complaint that the Department of Labor is seeking prejudgment interest. *See id* at 4 (ordering the payment of interest); Compl at ¶ R-3, ECF No. 1 (seeking

"prejudgment interest"). Courts have long held that "[a] plaintiff who recovers liquidated damages under the FLSA, however, is not also entitled to prejudgment interest on his or her FLSA damages." *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, No. 14-CV-7850 (VEC) (DF), 2016 WL 8650464, at *10 (S.D.N.Y. Nov. 7, 2016). The FLSA's liquidated damages provision serves a compensatory, not a punitive purpose, and so allowing prejudgment interest, which also serves a compensatory purpose, would be duplicative. *Id*. Thus, on this ground, to the extent that the consent decree includes any award of prejudgment interest, the consent decree is flawed as a matter of law. I therefore recommend that any such interest award be stricken from the consent judgment.

Aside from awarding interest, the consent agreement follows the letter of the law. Under its terms, Defendants are merely required to comply with the overtime and recordkeeping requirements of the FLSA and prohibits retaliation by Defendants against any employees for reporting future violations, an act already prohibited under the FLSA. See Proposed J. at 2-3, ECF No. 4-1. Furthermore, the damages to be paid under the consent agreement are limited to back wages, liquidated damages, and civil penalties all of which are called for under the FLSA. *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016).

Furthermore, the consent agreement is clear in the repayment plan terms, grace period, and recovery procedure in the event of a default. Proposed J. at 4-9, ECF No. 4-1. The agreement also dispenses with the entirety of Plaintiffs claims against Defendants and there is no indication that this agreement is the result of undue or improper collusion. *Id* at 2-3 (requiring compliance with FLSA overtime and reporting requirements); *see also* Compl at ¶¶ 33-37, ECF No. 1 (alleging failure to pay overtime wages and adequately keep records). Lastly, as the consent agreement solely requires Defendants to follow the requirements of the FLSA, there is no indication that

imposing such injunctive relief on Defendants would be against the public interest. As such, I recommend the Court grant Plaintiff's motion as modified herein.

## CONCLUSION

For the reasons discussed herein, I respectfully recommend that Plaintiff's motion be GRANTED with the exception of prejudgment interest, which should be excluded from the award.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**

     /s/ Steven L. Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       September 26, 2023