UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,

     Plaintiff,

v.

ENNIA Q RESTAURANT INC.
d/b/a LUIGI Q ITALIAN RESTAURANT and
LUIGI QUARTA, individually,

     Defendants.

---------------------------------------------------------------

**ORDER**
23-CV-4670 (MKB) (ST)

MARGO K. BRODIE, United States District Judge:

  Plaintiff Julie A. Su, Acting Secretary of Labor of the United States Department of Labor, commenced the above-captioned action on June 22, 2023 against Defendants Ennia Q Restaurant Inc., doing business as Luigi Q Italian Restaurant, and its individual owner, Luigi Quarta (collectively "Defendants"), alleging violations of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). (Compl., Docket Entry No. 1.) On July 5, 2023, Plaintiff moved for approval of the parties' Consent Judgment. (Pl.'s Mot. to Approve Consent J., Docket Entry No. 4.) The Court referred Plaintiff's motion to Magistrate Judge Steven Tiscione for a report and recommendation. (Order dated Aug. 21, 2023.)

  By report and recommendation dated September 26, 2023, Judge Tiscione recommended that the Court grant Plaintiff's motion with the exception that the Court exclude from the proposed award any pre-judgment interest ("R&R"). (R&R 1–5.) Plaintiff filed an objection to the R&R on September 29, 2023. (Pl.'s Mem. in Supp. of Objs. to the Sept. 26, 2023 R&R

("Pl.'s Mem."), Docket Entry No. 6-1.) Defendants did not respond.[1] For the reasons discussed below, the Court adopts the R&R in part and approves the Consent Judgment in its entirety.

## I. Background

### a. Factual background

The Court assumes familiarity with the facts set forth in the R&R and provides only a summary of the relevant procedural history and pertinent facts.[2]

Between December of 2020 and October of 2021, several of Defendants' employees routinely worked more than forty hours per week without receiving pay for overtime hours. (Consent J., Docket Entry No. 4-1 at 1–2.) During that time, Defendants further failed to make, keep, or preserve all records of wages, hours, and other conditions and practices of employment as required by sections 11(c) and 15(a)(5) of the FLSA. (Consent J. 1–2.) Plaintiff filed this action, seeking, among other things, (1) an injunction restraining Defendants from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, (2) an order finding Defendants liable for unpaid overtime compensation, and (3) an order finding Defendants liable for an equal amount of liquidated damages, or, in the event liquidated damages were not awarded, an injunction restraining Defendants from withholding the amount of unpaid overtime compensation found due and pre-judgment interest. (Compl. ¶ R-1–3.)

Plaintiff moved for approval of the parties' Consent Judgment. (Pl.'s Mot. to Approve Consent J.) The Consent Judgment (1) dispenses with the entirety of Plaintiff's claims,

---

[1] Plaintiff provided a declaration stating that Defendants consented to Plaintiff's "limited objection to the R&R to advise as to what the specific agreement between the parties was and to request that such agreement be recommended for approval to the extent the [Magistrate Judge's] R&R does not fully adopt the parties' agreement." (Decl. of Daniel Moczula, Docket Entry No. 6-2 at 2.)

[2] The Court assumes the truth of the factual allegations in the Plaintiff's Complaint and the factual statements in the Consent Judgment for the purposes of this Order.

(2) enjoins Defendants from violating sections 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, and (3) requires Defendants to pay unpaid overtime back wages, an equal additional amount of liquidated damages, and "interest." (Consent J. 2–4.)  The Consent Judgment provides that these payments shall be made in accordance with Exhibit B of the Consent Judgment, which in turn establishes a payment schedule for the payment of liquidated damages, back wages, civil monetary penalties, and "post-judgment interest." (Consent J. 14.)

  **b. R&R**

In the R&R, Judge Tiscione recommended that the Court grant Plaintiff's motion and approve the Consent Judgment, with the exception of pre-judgment interest, which Judge Tiscione recommended be excluded from the award.  (R&R 5.)  In determining that the Consent Judgment includes pre-judgment interest, Judge Tiscione noted that the Consent Judgment does not specify what type of interest is ordered, but that Plaintiff sought pre-judgment interest in its Complaint.  (R&R 3 (citing Compl. ¶ R-3).)  Concluding that pre-judgment interest may not be awarded where liquidated damages have already been recovered, Judge Tiscione recommended that to the extent the consent decree includes any award of pre-judgment interest, that interest award be stricken from the Consent Judgment.

  **c. Plaintiff's objection**

Plaintiff objects to the R&R to clarify that the interest referenced in the Consent Judgment is not pre-judgment interest, but rather post-judgment interest, allowable under 28 U.S.C. § 1961(a).[3]  (Pl.'s Mem. 4.)  Thus, Plaintiff requests that the Court "permit the payment of post-judgment interest and uphold the terms of the Consent Judgment in its entirety." (Pl.'s Mem. 6.)

---

[3] Plaintiff also notes that Defendants have "confirmed that the interest included in the Consent Judgment is post-judgment interest." (Pl.'s Mem. 4–5.)

## II. Discussion

### a. Standards of review

#### i. R&R

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10, 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir. May 4, 2022) (noting that district court applied correct legal standard in conducting *de novo* review of portions of magistrate's report to which specific objections were made and reviewing portions not objected to for clear error).

The clear error standard also applies when a "party makes only conclusory or general objections, or simply reiterates his original arguments." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (quotation omitted); *Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."). Where, however, a party "t[akes] issue with a specific legal conclusion in the report and recommendation," a district court reviews the objected-to portions

4

of the report and recommendation *de novo*. *Miller*, 43 F.4th at 120-21 (concluding that the plaintiff's objection, although revisiting an issue already argued, should have been reviewed *de novo* where the plaintiff objected to a "specific legal conclusion in the report and recommendation," and noting that clear error is normally applied "when the objections are nonspecific or 'merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same argument set forth in the original petition'" (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006)) (alteration in the original)).

### ii. Consent Judgment

A district court reviewing a proposed consent judgment involving an enforcement agency must determine whether the proposed judgment is "fair and reasonable." *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014). Where, as here, the proposed consent judgment includes injunctive relief, the district court must also ensure that the "public interest would not be disserved" by the injunction. *Id.* (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). A district court is required to enter a proposed consent judgment unless there is a "substantial basis in the record for concluding the proposed consent [judgment] does not meet these requirements." *Id.*

In determining whether a consent judgment is fair and reasonable, a district court should consider, at a minimum, "(1) the basic legality of the [judgment]; (2) whether the terms of the [judgment], including its enforcement mechanism, are clear; (3) whether the consent [judgment] reflects a resolution of the actual claims in the complaint; and (4) whether the consent [judgment] is tainted by improper collusion or corruption of some kind." *Id.* at 294-95 (citations omitted).

### b. The Court approves the parties' Consent Judgment in its entirety

The Court agrees with Plaintiff that the Consent Judgment provides for post-judgment interest rather than pre-judgment interest. Although the main text of the Consent Judgment does not state explicitly that the interest to be paid is post-judgment interest, it specifies that the payments will be made "in accordance with . . . Exhibit B of" the Consent Judgment. (Consent J. 4.) Exhibit B in turn contains a schedule for payment of liquidated damages, back wages, civil monetary penalties, and "post-judgment interest due." (Consent J. 14.) No other interest payments are specified in Exhibit B. (Consent J. 14.) Further, although Judge Tiscione correctly noted that Plaintiff sought pre-judgment interest in its Complaint, it did so only in the event that liquidated damages were not awarded. (R&R 3–4 (citing Compl. ¶ R-3); Compl. ¶ R-3 (seeking liquidated damages, or "in the event liquidated damages are not awarded . . . prejudgment interest").) The Court finds the Consent Judgment to be fair and reasonable, and that the public interest is not disserved by the injunctions.

In addition, Plaintiffs are entitled to post-judgment interest under 28 U.S.C. § 1961(a). *See, e.g.*, *Choi v. AHC Med. Servs., PLLC*, No. 22-CV-1450, 2023 WL 5613718, at *2 (E.D.N.Y. Aug. 30, 2023) (adopting report and recommendation and awarding both liquidated damages and post-judgment interest); *Spain v. Kinder Stuff 2010 LLC*, No. 14-CV-2058, 2015 WL 5772190, at *1 n.2 (E.D.N.Y. Sept. 29, 2015) (same). Accordingly, the Court adopts the R&R in part and approves the Consent Judgment in its entirety.

**III. Conclusion**

For the reasons stated above, the Court grants Plaintiff's motion to approve the parties' Consent Judgment.

Dated: October 30, 2023
      Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge